FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 21 2015

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**WILLIE WELLS**                                        **PLAINTIFF**

**-VS-**           **CASE NO.** 3.15-CV-300 DPM

**DONALD OAKES, CHIEF OF POLICE**          **DEFENDANTS**
**WEST MEMPHIS, ARKANSAS**
**Sued in his individual and official capacity.**
**CHRISTOPHER JOHNSON, #281**
**REPORTING OFFICER**
**Sued in his individual and official capacity.**
**"JOHN DOE" JOHNSON**
**ASSISTING OFFICER**
**Sued in his individual and official capacity.**
**JAMES PRESLEY**
**APPROVING OFFICER**
**Sued in his individual and official capacity.**

This case assigned to District Judge _Marshall_
and to Magistrate Judge ____Kearney____

## PLAINTIFF'S 42 U.S.C. § 1983 COMPLAINT

## AND

## DECLARATORY JUDGMENT WITH INJUNCTIVE RELIEF

COMES NOW THE PLAINTIFF, acting *pro se*, and pursuant under the civil rights statutes, 42 U.S.C. § 1983 and under the Declaratory Judgment Act, 28 U.S.C § 2201-2202 and under and For Injunctive Relief, states further:

Plaintiff reminds the court he proceeds *pro se*, Pro Se pleadings, "however inactfully plead" must be held to "less stringent standards than formal pleadings drafted by lawyers" Hanes v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed 2d 652(1972). If the Court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed 2d 551 (1982), United States ex rel

1

Montgomery v. Bierley, 141 F.2d 552, 555 (3rd Cir 1996) (petition prepared by a prisoner may be inactfully drawn and should be read "with a measure of tolerance".) Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Plaintiff asks this Court for its tolerance.

## SUMMARY OF THE CASE

1.    Plaintiff is seeking monetary relief against each Defendant named herein as a direct and proximate result of their violations of his clearly established Constitutional Rights under sections § 1983. Plaintiff alleges each Defendant actions and/or inactions were under color of State law. That Defendants deprived him of a right, privilege, or immunity secured to him by the United States Constitution and other federal law. That Defendants also violated his rights found in Article 2, section 15 of the Arkansas Constitution.

2.    Plaintiff also seeks declaratory judgment in part for the Court t declare that the seizure of his vehicle from his private property was unconstitutional. Furthermore, injunctive relief issuing orders to restrain Defendants from going upon private property and seizing vehicles by impounding their vehicles unless to do so is by warrant and court orders.

3.    Plaintiff is also holding Defendant Oaks, Chief of Police for West Memphis, Arkansas and Defendant Presley liable for failure to train and supervise Defendants Christopher Johnson #281 and Officer "John Doe" Johnson herein after known as Johnson #II for their unauthorized search, seizure and impoundment of Plaintiff's vehicle from his private property without due process of law.

## I.

## JURISDICTION

1. Jurisdiction is proper before this court in that Plaintiff seek a sum of $75.000 on damages the Constitutional civil rights violations took place in Crittenden County, Arkansas by Defendants, state employees acting under color  of state authority. Jurisdiction is invoked pursuant 28 U.S.C. § 1331(1) and 1343 and 28 U.S.C.A. § 1367 for Supplemental Jurisdiction.

## II

## PARTIES

2. The Plaintiff Willie Wells for all times relevant to his cause was a resident of the State of Arkansas and remains as such.

3. Defendant Oaks for all times relevant is Chief of Police of West Memphis, Arkansas, as such had a duty to train and supervise all other Defendants named herein.

4. Defendant Christopher Johnson, herein after "Defendant Johnson #I, was acting under color of state law.

5. Defendant Officer "John Doe" Johnson is herein after referred to as Defendant Johnson #II and will be properly named after discovery. Defendant Johnson #II for all time relevant was acting under color of state law.

6. Defendant James Presley, for all time relevant was acting under color of state law.

7. The above named Defendants are sued jointly, severally, and in their individual and official capacity for their actions and/or inactions of the violations of Plaintiffs clearly established Constitutional rights in the State of Arkansas on May 7, 2015.

## III

## FACTS

On May 7, 2015 Plaintiff was returning home in his 2003 Chrysler Sebring. Less than 50 yards from his home and private residence. Defendant Johnson #I  while traveling in his police car got behind Plaintiff and turned on his blue lights. Because Plaintiff was only yards away from his private residence and the care for safety to the public, Plaintiff proceeded into his private drive way. After Plaintiff turned in and shut off his vehicle, he finds Defendant Johnson #I standing in the middle of Polk Street behind Plaintiff's vehicle. Plaintiff was where he could ask Defendant Johnson #I why he put on his blue lights and the reason for being in the street behind his car. Defendant Johnson #I stated he believes he has temporary tags. As Plaintiff was opening his car door and offering all necessary papers, Defendant Johnson #I was not being responsive. Plaintiff proceeded out of his car, and shut and locked the doors. Defendant Johnson #I had

3

Plaintiff put his hands behind his back at which time Defendant Johnson #I handcuffed Plaintiff and had him walk to the police car without telling Plaintiff anything and placed him in the police car. Defendant Johnson #I never asked Plaintiff for his driver license or papers to vehicle. After some time of sitting in this police car, Defendants Johnson #II and Defendant Presley show up at which time Defendant Johnson #I comes back to his squad car threatening Plaintiff while Defendants Johnson #II and Presley stand there and watch. Defendant Johnson #I opened his squad car and took Plaintiff's car keys. At that time Plaintiff told the Defendants they do not have permission on his property nor permission to search his vehicle. Defendants then said "shut the fuck up." Defendants all proceeded to Plaintiff's vehicle and began a search. This went on for 30 to 40 minutes. Defendant Johnson #I then came back to his squad car with plaintiff handcuff and took him to jail. Defendant Johnson #I called Freedom Body Shop and Wrecker to come tow Plaintiff's vehicle from his private property.

Plaintiff was charged with fleeing, A.C.A § 5-54-125 Which was dismissed, as well as charged Possession of Schedule I or II, A.C.A §5-46-419b(2)a less than 2 grams. Plaintiff made contact with the drug crime lab and was told no such drugs were found. Plaintiff was allowed to get his vehicle out of impound at the cost of $662.00.Defendants nor the towing company provided Plaintiff with any inventory form. And as of August 21, 2015 Plaintiff has never been brought before a Circuit Judge. Plaintiff's extended restraint of his liberty following his arrest on may 7, 2015 has violated his Fourth Ammendment rights. Arkansas Rule Of Criminal Procedure 8.1 provides the following: "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay."

Therefor, for all the reasons alleged herein below Plaintiff seeks damages greater than $75,000 from each Defendant jointly, severally and individually in their individual and official capacity for punitive, compensatory and actual damages as well as attorney fees, declaratory relief and injunctive relief and all other just and proper relief to include not only out-of -pocket loss and other monetary awards, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering. Specifically, mental and emotional distress, which includes mental suffering and emotional anguish, which constitutes compensable injury under § 1983.

4

Therefor, for Plaintiffs complaint against all Defendants he alleges as follows.

## COUNT I

### UNREASONABLE SEARCH AND SEIZURE

Come now the Plaintiff, acting *pro se,* and for count I of his complaint states further:

Plaintiff states, alleges. and avers as follows:

1. Plaintiff restates, realleges, and reavers each and every allegation contained in his statement of facts as if set forth more fully herein in *haec verba*, and in addition alleges:

2. Defendants Johnson #I, and Johnson #II, and Presley search, seizure and impoundment of Plaintiff's person, private property, and vehicle was a violation of his right to be free from unreasonable search and seizures pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, section 15 of the Arkansas Constitution.

3. That all Defendants just named herein above, page 2, in count I search and seizure of Plaintiff's person, private property, and impoundment of his vehicle was clearly unreasonable based upon Defendant Johnson #I own statement he provided in his incident report which he states: he "initiated a traffic stop do to Plaintiff's temporary tag" that fact did not give reasonable suspicion or probable cause for Defendants to search Plaintiff's vehicle and then seize his vehicle without Plaintiff's concent to search and probable cause to impound his vehicle.

4. That all Defendants just named herein above page 2, in count I violated Plaintiff's constitutional Rights mentioned herein above page 2 in that the seizure, by way of towing Plaintiff's vehicle was done by removing his vehicle from his private property without any legal authority in clear violation of Plaintiff's right to due process.

5. That the warrantless search these three Defendants made upon Plaintiff's vehicle qualifies as a warrantless inventory search since there was no legitimate basis for these three Defendants decision to make such inventory, search and impoundment of Plaintiff's vehicle from his private property is a violation of his Constitutional rights.

5

6. That the Warrantless search and impoundment of Plaintiff's vehicle was unconstitutional, Plaintiff's vehicle was parked on his private property, and therefor there was no risk to public safety, and Plaintiff was not arrested for a serious offense and had already been restrained and patted down, and thus, posed no danger to the Defendants to any reason for towing the vehicle.

7. That the warrantless inventory search by these three Defendants of Plaintiff's vehicle they had impounded was used by them only as guise for general rummaging in hope for incriminating evidence, and thus, Defendants having Plaintiff's vehicle towed and impounded from his private property was in bad faith and not in accordance with the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, section 15 of the Arkansas Constitution.

8. That all Defendants just names herein above actions and/or inactions alleged in page 2 thru 7 are in clear violation not only of Plaintiff's Constitutional rights mentioned in page 2, count I, but also contrary to Arkansas Rules of Criminal Procedure, Rule 14.1(a0(iii) that there was no exigent circumstances which would require immediate detention, search, and seizure, towing and impoundment of Plaintiff's vehicle to prevent destruction or removal of the things Defendants sought. Therefore, Plaintiff alleges these three Defendants actions and/or inactions just alleged herein above, page 8, was in bad faith and done as a general rummaging for incriminating evidence.

9. The United States Constitutional rights and the Arkansas Constitution all referred to in page 2, of count I is essential to the safeguarding of Plaintiff's Constitutional rights to be free from unreasonable seizure without probable cause, yet all Defendants brook that safeguard.

10. That all three Defendants named herein of count I each knew of these constitutional rights which Plaintiff is safeguarded by, however, with total disregard for Plaintiff's constitutional rights mentioned in page 2 thru 9 of count I proceeded to commit those acts resulting in Plaintiff's temporary loss of the use of his vehicle, the out-of-pocket cost of $662.00 in getting his vehicle out of impoundment, the permanent loss of personal items now missing from his vehicle (see attached affidavit listing missing item and cost), personal injury such as , but not limited to, impairment of reputation, personal humiliation, and mental anguish and

6

suffering. Specifically, mental and emotional distress, which includes mental suffering and emotional distress, which includes mental suffering and emotional anguish which constitute compensable injury under § 1983.

11. The search, seizure, towing and impoundment of Plaintiff's vehicle which all three named Defendants engaged in that brought about plaintiff's injuries stated in page 2,4,6,7,8,9,and 10 and said actions were intentional.

Defendant Presley is but one of the law enforcement authorities to train and supervise Defendants Johnson #I and Johnson #II, however he tolerated, allowed, permitted, condoned and paperwork shows he signed Defendants Johnson #I actions approving such constitutional violations.

12. The unlawful conduct by all three named Defendants in count I shows each tolerated, allowed, permitted, condoned and approved of an inadequate policies, procedures, customs, and or usage that resulted in these Defendants search seizure, towing, impoundment, arrest of the Plaintiff and violated his Constitutional rights under the Fourth and fourteenth Amendment as well as Article 2, section 15 of the Arkansas Constitution.

Furthermore, these Defendants knew or should have known that their actions and/or inactions were violations of Plaintiff rights just mentioned herein, page 12.

13. Defendants Oakes and Presley are given the supervisor's position in making sure Defendants Johnson #I and Johnson #II each have had proper training in the search, seizure, towing and impoundment of citizens vehicles that are at the time of Defendants search are on parties (Plaintiff's) private .

In other words, Defendants Oakes and Presley have a duty owed Plaintiff to safeguard his vehicle while Defendants are on private property without warrants and while their subordinates move upon Plaintiff's private property. Defendants Oakes and Presley failed to train and supervise said Defendants resulting in injury to the Plaintiff.

14. That as a direct and proximate result of Defendant Johnson #I, and Johnson #II having Plaintiff's vehicle towed and impounded Defendants Oakes and Presley are counted liable

7

for Plaintiff's injuries. In other words, Defendant Oakes and Presley are individually liable under § 1983 for failure to train and supervise.

15. That Plaintiff contends reasonable persons in their supervisor's position would have known that said conduct infringed the constitutional rights of the Plaintiff and said conduct is causally related to the constitutional violation stated herein, count I and committed by their subordinates, Defendants Johnson #I, and Johnson #II.

16. Therefore, Plaintiff's allegations against Defendants Oakes and Presley should not be mistaken as one of respondeat superios theory, but for their failure to train and supervise and protect against Defendants Johnson #I, and Johnson #II.

17. In addition to the constitutional rights violations alleged herein by Plaintiff which Defendants Johnson #I, and Johnson #II committed through their unreasonable search, seizure and impoundment of Plaintiff's vehicle is a policy custom and practice which is adopted by all subordinates through Defendant Oakes and Presley's knowledge and approval, resulting in their failure to train and supervise their subordinates.

18. In other words, Defendants Oakes and Presley have authorized, approved and/or knowingly acquiesced in the constitutional violations committed by Defendants Johnson #I, and Johnson #II.

19. Defendants Oakes and Presely's policy, custom and practice exposes the citizens of West Memphis, Arkansas to imminent police misconduct, and is attributable to the municipality of Crittenden County and the city of West Memphis. Nether Defendants Oakes, nor Presley or the City of West, Arkansas ever promulgated and policy to enforce the unlawful towing of citizens (including Plaintiff's) vehicles form the private property.

20. In addition to Defendant Johnson #I unreasonable search and seizure as he has alleged his cause to initiate the traffic stop was his belief Plaintiff was not in compliance with Arkansas Temporary Tags, it is clear this was not his motive, the arrest report does not offer that as a traffic ticket and furthermore  pursuant with A.C.A. § 27-14-1708 Temporary Tag database (b) (2) "law enforcement agencies can access the vehicle temporary tag database to determine compliance with the sale, Licensing, and registration of motor vehicles, as required by law." In

8

other words, before Defendant Johnson #I, makes his traffic stop he can run the Plaintiff's tags for the evidence he needs to make the stop. Because he did not do so his reason for stopping Plaintiff was not in good faith, as such had no probable cause to conduct the search, seizure, towing and impoundment.

21. Therefore, for all the reasons stated in count I pages 1 thru 20 Plaintiff has clearly stated a violation of his constitutional rights as identified in page 2 of count I.

## CLAIMS FOR RELIEF

22. The fact Defendants search seized, and towed and compounded Plaintiff's vehicle from his privet property in violation of his constitutional rights resulting in all the injuries and damages stated in Count I supports Plaintiff's claim for relief requested.

23. Plaintiff's claim for relief is also for Declaratory Judgment asking the Court to declare Defendant Johnson #I did not have probable cause to conduct a traffic stop nor lawful authority to have the search, seizure, towing and impoundment of Plaintiff's vehicle.

24. That Plaintiff's Constitutional rights were violated by the impoundment of his vehicle from his private property.

25. Plaintiff request to injunctive relief in that an order be made whereby Defendant Oakes come up with a policy that prevents his subordinates from going on citizens property and towing off their vehicles without court orders of warrants to do so.

Plaintiff asks this court to allow him time through discovery upon Defendants and the City of West Memphis, Arkansas where he will then put on proof of prior injury and that there is a "real of immediate threat that he will be wronged again in a similar way."

26. Plaintiff asks this Court to allow him time through discovery upon Defendant Oakes and the City of West Memphis, Arkansas so that he can obtain class certification under Federal Rule of Civil Procedure 23 (a). Plaintiff will offer proof that Defendant Oakes and the City of West Memphis, Arkansas tolerate, allow, permit, condone and approve of the inadequate police procedure, customs and/or usage of their subordinates to walk upon private property of the

9

citizens of West Memphis, Arkansas and search, seize, tow and impound vehicles without probable cause, warrants or court orders. Rule 23(a) provides: one or more members of a class may sue or be sued as a representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or facts common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. in this matter of interest Plaintiff is seeking to have enforced all parties rights to be free from unreasonable searches and seizures. "The right of the people of this state to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure, shall not be violated; and no warrant shall issue, except upon probable cause, supported by oath of affirmation, and particularly described the place to be searched, and the person of thing to be seized." Article 2, section 15 of the Arkansas Constitution.

The "Class" is all citizens of the City of West Memphis, Arkansas as such, so numerous that joinder of all members is impracticable. Plaintiff meets all 4 requirements to seek and obtain Class Certification.

27. Additional claims for relief will be stated in additional count of this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grant the following relief:

4.   A.   Award compensatory damages against all Defendants named in this complaint in the following way and amount:

1. $100,000 in their and official capacity jointly and severally.

2. $ _____ in their individual and official capacity for Plaintiff's out-of-pocket cost of having to pay to get his vehicle out of impound.

3. $ _____ in their individual and official capacity as necessary for the loss of personal items that were in his vehicle at time of towing and which are now missing which are valued that sum.

10

4. $100,000 in their individual and official capacity based in the importance of the Plaintiff's Constitutional rights that were violated.

5. $100,000 in their individual and official capacity for Plaintiff's injuries of, but not limited to the following:

   (a) Impairment of reputation.

   (b) Personal humiliation and mental anguish and suffering.

   (c) Specifically mental and emotional distress which includes mental suffering and emotional anguish which constitution compensable injury under § 1983, the real fear he had lost his vehicle.

6. $100,000 against Defendant Oakes and Presley in their capacities as supervisor over Defendant Johnson #I and Johnson #II as direct and proximate result of their failure to train in searches, seizures, towing and impoundment of citizens (including Plaintiffs) vehicles while on private property.

7. $100,000 Against Defendant Oakes in his capacity as supervisor over defendant presley as a direct and proximate result of actions and/or inactions as he sat my and tolerated, allowed, permitted, condoned Defendants Johnson #I and Johnson #II to search, seize tow, and impound Plaintiff's vehicle in his (Defendant Presley"s) presence.   In other words, Defendant Oakes failed to train and supervise Defendant Presley.

B.   Award punitive damages against all Defendants named in this complaint in the following way and amount:

1. $100,000 in their individual and official capacity jointly and severally for their intentional disregard of Plaintiff's Fourth and Fourteenth Amendment rights to the United States Constitution and Article 2, section 15 of the Arkansas Constitution to be free from unreasonable search, seizure, and towing of vehicles, and impoundments while on their private property.   The same to punish each

Defendant for their intentional and or malicious conduct and to deter others from similar behavior. The same for each Defendants conduct as alleged to be motivated by evil motive of intent, and the same involves reckless and/or callous indifference to the Plaintiff's federally protected rights.

2. $100,000 against Defendant Oakes and Presley in their capacities as supervisor over Defendants Johnson #I and Johnson #II as a direct proximate result of their failure to train in search, seizures, towing and impoundment of Citizens (including Plaintiff's) vehicles while on private property.

3. $100,000 Against Defendant Oakes in his capacity as supervisor over defendant presley as a direct and proximate result of actions and/or inactions as he sat my and tolerated, allowed, permitted, condoned Defendants Johnson #I and Johnson #II to search, seize tow, and impound Plaintiff's vehicle in his (Defendant Presley"s) presence. In other words, Defendant Oakes failed to train and supervise Defendant Presley.

C. Award attorney fees in the following amounts.

1. Attorney fees of $105.00 per hour.

D. Plaintiff Seeks declaratory Judgment in his complaint as relief may be had in the following way and amount:

1. To declare his rights and order the search, seizure towing and impoundment of his vehicle was in violation of the Fourth and Fourteenth Amendments to the United states Constitution and Article 2, Section 15 of the Arkansas constitution

2. That Plaintiff's vehicle was impounded and search violated Rule 12.6 (b) of the Arkansas Rule of Criminal Procedure and secured by the State and federal constitution to be free from unreasonable search and seizure.

3. That Defendant Johnson #I did nor have probable cause to make his traffic stop, and that he believes Plaintiff is in violation of temporary tags, he should first

proceed in compliance with A.C.A. § 27-14-1708 and contact the database available to him before interrupting Plaintiff's freedom to get home.

4. Find that Defendants traffic stop, search, seizure, towing and impoundment of Plaintiff's vehicle was used by them only as guise for general rummaging in hope for incriminating evidence.

5. For each that is found in Plaintiff's favor of declaratory relief grant Plaintiff $ 100, 000 against all Defendants jointly, and severally.

E. Plaintiff seeks injunctive relief and upon discovery will restate grounds for this relief.

F. Grant such other relief as it may appear that Plaintiff is entitled.

## COUNT II

## VIOLATION OF DUE PROCESS

Comes now, The Plaintiff, acting *pro se*, and for Count II of his Complaint states further:

Plaintiff states, alleges , and avers as follows:

28. Plaintiff restates re-alleges and reaver each and every allegation contained in his statement of facts, and in addition each and every allegation contained in pages 2 through 20 in Count I herein above as set forth more fully herein in *haec verba* and in addition alleges:

29. Plaintiff's constitutional right to due process were violated when Defendant Johnson #I and Johnson #II and Defendant Presley searched, seized , towed and impounded his vehicle from his privet property.

30. Plaintiff alleges all warrantless searches are unreasonable unless shown to be within one of the exceptions to the rule the a search must rest upon a valid warrant.

31.  Plaintiff alleges that upon review of count I pages 2 thru 20 Defendants actions and/or inactions do not meet any of the exceptions to the rule that a search must rest upon a valid warrant.

32.  Plaintiff alleges that Defendant Johnson #I did not have probable cause to mane the traffic stop, much less tow and impound his vehicle from his private property.

33.  Plaintiff alleges that Defendant Johnson #I did not have probable cause to mane the traffic stop, much less tow and impound his vehicle from his private property.

34.  Plaintiff alleges his due process right not to have his vehicle impounded were violated when all Defendants, other than Defendants Oakes, who was not present, refused to allow Plaintiff his reasonable alternative to impoundment.

35.  Plaintiff alleges because Defendants did not allow Plaintiff such as an alternative to impoundment Defendants inventory search of vehicle without such the search, seizure, towing and impoundment violated his due process rights.

36.  Defendants, by not providing Plaintiff with his rights under <u>A.C.A. § 27-50-1207</u> with his preference as to where he wanted his vehicle towed violated Arkansas vehicle removal policy and therefor violated Plaintiff's Constitutional rights to due process. Furthermore, the impoundment of his vehicle was unlawful and the inventory search following impoundment is unlawful.

37.  Again, Plaintiffs vehicle was already at his home on his private property and therefor had no need of making preference other than what he did and that was telling Defendants they do not tow their vehicle.

38.  Plaintiff alleges Defendant Oakes is liable for Defendants Johnson #I, Johnson #II, and Defendants Presley's actions and/or inactions as stated herein above, pages 28 thru 37 in that he has failed to properly train and supervise these defendants on the vehicle removal policy for the State of Arkansas and Plaintiff's constitutional rights of due process of law.

14

39. As a direct and proximate result of Defendants unlawful impoundment of his vehicle Plaintiff has sustained all the injuries and damages already alleged in Count I. Page 10.

40. Defendants all knew or should have known their actions violated Plaintiff's Constitutional rights.

## CLAIMS FOR RELIEF

41. The fact all Defendants, Johnson #I, Johnson #II and Defendant Presley acting together and intentionally denied Plaintiff his due process rights under A.C.A § 27-50-1207 by not giving him his right for preference as to Arkansas Vehicle Removal Policy, Plaintiff is entitled to the relief requested herein below.

42. Furthermore, because Plaintiff's vehicle was already at place he would give preference had Defendants asked, his due process rights were violated entitling him to the relief requested herein below.

43. Plaintiff seeks declaratory judgment asking the court to declare he should have been given a chance for preference for what he wanted Defendants to do with his vehicle, and declare Defendants did not have lawful authority to tow his vehicle and impound it. That their actions and/or inactions violated Plaintiff's constitutional right of due process of law, to freely give his preference of what to do with his vehicle, which he did and that was telling Defendants they do not have his to search, seize, tow, and impound his vehicle from his private property. Defendants ignored his preference.

44. Plaintiff's request for injunctive relief is that an order be made whereby Defendant Oakes and the City of West Memphis, Arkansas and all Defendants, including all law enforcement officers shall comply with the policy that vehicles which are on privet property not be searched seized, towed nor impounded without the vehicle and privet property owners consent. That they have a policy which required they give the vehicle owner of operator of that vehicle preference at to what they wish to be done to their vehicles if lawful towing is necessary.

Plaintiff asks this court to allow him time through discovery upon Defendants and the City of West Memphis, Arkansas where he will then put on proof of prior injury and that there is a "real or immediate threat that he will be wronged again in a similar way."

45. Plaintiff asks this court to allow him time through discovery upon Defendants Oakes and the City of West Memphis, Arkansas so so that he can obtain Class Certification under Federal Rules of Civil Procedures 23 (a). Plaintiff will offer proof Defendant Oakes and the City of West Memphis, Arkansas tolerate, allow, permit, condone and approve of the inadequate police procedure, customs and/or usage of their subordinates in ignore Plaintiff's (and the citizens of City of West Memphis, Arkansas) their due process rights for preference as to what they wish be done to their vehicles if towing towing is the only other alternative. Defendants do not offer this, they tow the vehicle.

Plaintiff discovery will show Defendants and the City of West Memphis, Arkansas Violate A.C.A. § 27-50-1207 by not giving Plaintiff nor citizens of West Memphis, Arkansas that preference and therefor, to a violation of due process of their Constitutional rights protected under the Fourth and Fourteenth Amendment to the United States Constitution and Article 2, Section 15 of the Arkansas Constitution. again Plaintiff will fairly and adequately protect the interest of the class (Citizens of West Memphis Arkansas) by expressing Defendants violations of these Constitutional rights.

## RELIEF REQUESTED

Wherefore, Plaintiff requests that the Court grant the following relief:

A. Award compensatory damages against all Defendants named in this complaint in the following way and amount:

      1. $100,000 in their individual and official capacity jointly and severally;

      2. $622.00 in their individual and official capacity jointly and severally;

      3. $ _____ in their individual and official capacity as necessary for the loss of personal items that were in his vehicle at the time of towing and which are now

16

missing which are valued at that sum. Furthermore had Defendants honored his preference as required under A.C.A. § 27-50-1207 his personal items would not have come up missing.

4. $100,000 in their individual and official capacity based on the importance of the Plaintiff's Constitutional rights that were violated the importance to honor Plaintiff's preference under A.C.A. § 27-50-1207.

5. $100,000 in their individual and official capacity for injuries of , but not limited to the following:

> (a) Impairment of reputation.
>
> (b) Personal humiliation, and mental anguish and suffering.
>
> (c) Specifically, mental and emotional distress, which includes mental suffering and emotional anguish which constitute compensable injury under § 1983 the real fear he lost his vehicle and personal property therein;

6. $100,000 against Defendant Oakes and Presley in their Capacities as supervisor over Defendants Johnson #I and  Johnson #II as a direct and proximate result of their failure to train and supervise in the A.C.A § 27-50-1207, Removal of Vehicles. Plaintiff.s preference as required to comply under that section, and in accordance with his clearly established Constitutional Rights to due process.

7. $100,000 against Defendant Oakes in his capacity as supervisor over Defendant Presley as a direct proximate result of actions and/or inactions as he sat by and tolerated, allowed, permitted, condoned Defendants Johnson #I and Johnson #II intentional and willful act of ignoring Plaintiff's preference as to what to do and not do to his vehicle. In other words, Defendant Oaks failed to train and supervise Defendant Presley of the A.C.A § 27-50-1207. Removal of Vehicles as it applies to compliance with Plaintiff's (and the citizens of West Memphis, Arkansas)

preference to the requests of what to do with their vehicles. In addition to their due process right not to tow their vehicles off the private land it sat.

B. Award punitive damages against all Defendants named in this complaint in the following way and amount:

1. $100,000 in their individual and official capacity jointly and severally for their intentional disregard of Plaintiff's due process rights, his preference on what to do and not do to his vehicle as it applies to A.C.A § 27-50-1207 his Fourth and Fourteenth Amendment rights to the United States Constitution and Article 2, section 15 of the Arkansas Constitution to be free from unreasonable search, seizures, towing of vehicles, and impoundment while on private property. The same to punish each Defendant for their individual, willful and/or malicious conduct and to deter others from similar behavior. The same for each Defendants conduct as alleged to be motivated by evil motive or intent, and the same involves reckless and or callous indifference to the Plaintiff's federally protected rights.

2. $100,000 against Defendant Oakes and Presley in their capacities as supervisor over Defendants Johnson #I and Johnson #II as a direct and proximate result of their failure to train and supervise on A.C.A § 27-50-1207, to comply with Plaintiff's preference in what to do and do to his vehicle that, at the time sat on his private property.

C. Award attorney fees in the following amounts:

1. Attorney fees of $105.00 per hour.

D. Plaintiff seeks declaratory judgment on his complaint as relief may be had in the following way and amount:

1. To declare that the impoundment and search of Plaintiff's vehicle violated police policies.

2. To declare that the impoundment and search of Plaintiff's vehicle violated A.C.A § 27-50-1207 when Defendants did not provide Plaintiff with any preference tor their wilful impoundment of his vehicle.

3. to declare that the search, seizure, towing and impoundment was in bad faith, without probable cause and violated Plaintiff's rights described under Fourth and Fourteenth Amendment rights to the United States Constitution and Article 2, section 15 of the Arkansas Constitution.

4. To declare A.C.A § 27-50-1207(2)(a) mandates that Plaintiff (and all citizens of West Memphis, Arkansas) has preference and SHALL be offered to Plaintiff (and all citizens of West Memphis, Arkansas), but Defendants did not offer such preference to Plaintiff nor comply with his preference that his vehicle be left on his private property, violating Plaintiff rights just described herein above parg 3.

5. That based on the facts alleged herein count II declare that Defendants traffic stop, search, seizure, towing and impoundment of Plaintiff's vehicle was used by them as a guise for general rummaging in hope for incriminating evidence. as such Plaintiff's right to due process of law was violated.

6. For each that is found in Plaintiff's favor declaratory relief , grant Plaintiff's $100, 000 against all Defendants jointly and severally.

E.   Plaintiff seeks from injunctive relief in part, to prevent Defendants from going upon Plaintiff's private property, (and citizens of West Memphis, Arkansas) and towing vehicle from their property in the manner described in this complaint. Plaintiff will better explain in detail his need for an injunction after he has completed discovery upon Defendants, the City of West Memphis, Arkansas and the towing companies that Defendants call for their services. $100.000 is sought.

F.   Grant such other relief as it may appear that Plaintiff is entitled.

## COUNT III
## VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS
## OF SPEACH AND ASSOCIATION AND COMMUNICATION

Comes now the Plaintiff, acting *pro se,* and for count III of his complaint states further:

Plaintiff states, alleges, and avers as follows:

46. Plaintiff restates, realleges, and reavers each and every allegation contained in his statement of facts, and in addition each and every allegation contained in pages 34 thru 37 in count II herein above set forth more fully herein in *haec verba*, and in addition alleges"

47. Plaintiff alleges that when defendants Johnson#I, Johnson #II, and Defendant Presley did not provide Plaintiff with (and ignored his) PREFERENCE of having them not tow away his vehicle from his private property they then violated his First Amendment rights to free speech, association and communication resulting in their unlawful towing and impoundment of his vehicle which resulted in the out-of-pocket expense of $622.00 to get his vehicle removed from impoundment and the loss of all personal items from within his vehicle to the sum of $_____. (see attached Affidavit).

48. Plaintiff alleges in relevant part for count III the clear violation of his First Amendment right under A.C.A. 27-50-1207(a)(1): "A law enforcement agency that directs the removal of an... 'impounded' or 'seized' vehicle 'SHALL' adopt a written vehicle removal policy, the provisions of which 'SHALL' be offered to the owner, to his or her agent, or any competent occupant..." Defendants each violated Plaintiff's First Amendment rights when they did not follow the laws of Arkansas and simply ignored Plaintiff's preference of what to do with his vehicle that sat on his private property.

49. Plaintiff alleges for count III the clear violations of his First Amendment rights under A. C.A. 27-50-1207(a)(1) it provides... "All law enforcement officers 'shall' comply with the policies prescribed by their agencies as to the removal of... impounded or seized vehicles as defined by this sub-chapter."

In other words, Defendants did not honor Plaintiff's preference and as such violated his Constitutional Rights of Freedom of Speech, Freedom to Association and Communication.

50. Plaintiff alleges the Defendants actions and/or inactions of not allowing Plaintiff his Constitutional Rights to associate and communicate to others, and have them come and protect his vehicle was for the Defendants guise for general rummaging in hope for incriminating evidence.

51. Plaintiff further alleges that as a direct and proximate result of the allegations made herein above, pages 47 thru 50 in count III support counts I and II as well as proof Defendant Oakes and Presley are liable for their failure to train and supervise Defendants Johnson #I and Johnson #II in following A.C.A. 27-50-1207(a)(1), A.C.A. 27-50-1207(2)(a) and A.C.A. 27-50-1207(b).

52. Plaintiff has clearly established a negative economic impact by Defendants failure to give way to his preference of not having his vehicle towed and impounded from his privet property.

53. Defendants all knew of should have known that A.C.A. § 27-50-1207(a)(1)&(2)(A)&(b) safeguards Plaintiff's First Amendment Rights to: (1) Speech; (2) Associate; and (3) Communicate for the purpose of not having his vehicle towed, yet ignored their knowledge of this fact.

## CLAIMS FOR RELIEF

54. Defendants have never first obtained lawful possession of Plaintiff's vehicle, they never had authorization by statute of ordinance to lawfully tow and impound Plaintiff's vehicle.

55. When owner, operator, or person in charge of vehicle's disposition, then Defendants unlawfully towed impounded, searched and seized Plaintiff's vehicle resulting in his lost and/or stolen property as well as the cost he spent in getting his vehicle out of impoundment.

56. Plaintiff contends relief to proper in that Defendants had no basis for their search, seizure, towing, and impoundment of Plaintiff's vehicle which at that time was on his private property in safekeeping.   Defendant Johnson #I's actions and/or inactions fail to support the exigent circumstances made his, and all other Defendants immediate detention, search, seizure, towing and impoundment of his vehicle from his property lawful.

21

57. Plaintiff's due process rights were violated because he was never given his rights for preference to do with his vehicle what he wished.

58. The Due Process Clause of the Fourteenth Amendment requires that prior to and action that will affect interest in property, a state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them opportunity to present their objections, (i.e. give their preference rather than a police towing).

59. The use of an automobile constitutes a property interest under 42 U.S.C.A. § 1983. The property interest extends to the uninterrupted use of the vehicle. Automobiles occupy a central place in the lives of most Americans, providing access to jobs, schools, and recreation as well as to the daily necessities of life. Consequently, the unlawful towing of plaintiff's vehicle from his private property without allowing him his Constitutional Rights to Free Speech, Association and Communication violated Plaintiff.s necessities of life.

60. Plaintiff submits, criminal procedure should be common knowledge to law-enforcement and judicial officers who have the duty and responsibility to authorize searches. THEREFORE, Defendants Oakes and Presley are liable for their failure to train and supervise Defendants Johnson #I and Johnson #II.

61. Plaintiff seeks declaratory judgment against all Defendants and asks the court to find his First Amendment Rights, as pled were violated.

62. Plaintiff seeks injunctive relief and asks the Court for time to develop the matter through discovery.

63. Plaintiff states and alleges that do to the facts stated herein above, count III, he will be seeking class certification under Federal Rule of Civil Procedure 23(a). Plaintiff will offer proof that Defendant Oakes and the City of West Memphis, Arkansas tolerate, allow, permit, condone and approve of the inadequate police, procedure, customs and/or usage of their subordinates to ignore A.C.A § 27-50-1207 which mandates the police officer who is going to tow parties vehicle, that they first allow that person a preference as to what they wish done with their vehicle

22

before a police may tow.That not following this mandatory law Defendants violate Plaintiff's (and all other Citizens of West Memphis, Arkansas) Constitutional Rights.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  award compensatory damages against all Defendants named in this complaint in the following way and amount:

1.  $100,000 in their individual and official capacity, jointly and severally.

2.  $662.00 in their individual and official capacity for Plaintiff's out-of-pocket cost of having to pay to get his vehicle out of impound.

3.  $_____ in their individual and official capacity as necessary for the loss of personal items that were in his vehicle at time of towing and which are now missing which are valued that sum. Furthermore, had Defendants honored his preference as required under A.C.A. § 27-50-1207 his personal items would not have come up missing.

4.  $100,000 in their individual and official capacity based on the importance of the Plaintiff's Constitutional Rights to Freedom of Speech, his right to Association and Communication, his preference of anything other than the Defendants towing his vehicle. The same in violation of A.C.A. § 27-50-1207.

5.  $100,000 in their in their individual and official capacity based on the following injuries:

    a.  Personal humiliation, and mental anguish and suffering:

    b.  Specifically, mental and emotional distress, which includes mental suffering and emotional anguish which constitute compensable injury under § 1983, the real fear he had lost his vehicle:

23

6.  $100,000 against Defendant Oakes and Presley in their capacities as supervisor over Defendants Johnson #I and Johnson #II as well as failure to train Defendants in this matter of the law.

7.  $100,000 against Defendant Oakes in his capacity as supervisor over defendant Presley who signed and approved of Defendants Johnson #I and Johnson #II actions and/or inactions when Plaintiff was denied his Constitutional Rights of Freedom of Speech, Association and Communication. As law enforcement officials each Defendant are required to know the laws and rights of citizens in Arkansas.

B.  Award punitive damages against all Defendants named in this complaint in the following way and amounts:

1.  $100,000 in their individual and official capacity jointly and severally for their intentional disregard of Plaintiff was denied his Constitutional Rights of Freedom of Speech, Association and Communication which brought about (among other injuries) his right of daily necessities of life. The same to punish each Defendant for their individual, willful and/or malicious conduct and to deter others from such behavior. The same for each Defendants conduct as alleged to be motivated by evil motive or intent, and the same involves reckless and/or callous indifference to the Plaintiff's federally protected rights.

2.  $100,000 in their individual and official capacity jointly and severally for their intentional disregard of Plaintiff's Freedom of Speech, Association and Communication of which are matters of public concern. (Thus, the citizens of West Memphis, Arkansas).

3.  $100,000 against Defendant Oakes in his capacity as supervisor over Defendants Johnson #I, Johnson #II and Presley for his failure to train and supervise these Defendants in Plaintiff's first Amendment rights which was at that time necessary for him to communicate and provide others with his need to come and protect his

24

vehicle from Defendants. All Defendants knew or should have known Plaintiff had the right to give his preference to do what he wished to the vehicle.

C.  Award attorney fees in the following amounts:

1.  Attorney fees of $105.00 per hour.

D.  Plaintiff seeks declaration stating Defendants owed Plaintiff his Constitutional Right to be left alone as it applied to the towing of his vehicle, and owed him a Constitutional Right to due process of Free Speech, Association, and Communication, to give his preference on what to do and not do to his vehicle.

1.  Furthermore, declare Defendants violated Plaintiff's Constitutional Rights by towing his vehicle off his private property.

2.  For each that is found in Plaintiff's favor of declaratory relief, grant Plaintiff $100,000 against all Defendants jointly and severally.

E.  Plaintiff seeks injunctive relief in part to prevent Defendants from their actions and/or inactions as already alleged. Plaintiff will better explain this as discovery gets complete. $100,000 is sought.

F.  Grant such other relief as it may appear that Plaintiff is entitled.

In                                    the                                    alternative, Plaintiff's statement in counts II and III allows Plaintiff to move pursuant to Federal rule of Civil Procedure, Rule 8(d)(2) and therefore submits counts II and III under supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 also termed Pendant-claim Jurisdiction.

Plaintiff states pargs in counts II and III also make state law claims along with the violation of Federal Constitutional Right violations. In other words Plaintiff's pleading(s) is sufficient as any one is sufficient.

In other words, Defendants, in one transaction, violated both Federal Constitutional Rights, state law and state impoundment laws.

Therefore, plaintiff states, alleges, and avers as follows:

64. Plaintiff restates, realleges, and reavers each and every allegation contained in count II, Parg 29 thru 45 and count III pargs 47 thru 63 herein above as if set forth more fully herein in *haec verba*, and in addition states.

65. Plaintiff offers the alternative to Federal Constitutional right violations that under A.C.A. § 27-50-1207(2)(c)(i) if a law enforcement officer fails to provide an owner of a vehicle with an owner preference as required under this section, then the owner may file a complaint with the law enforcement agency that employs the law enforcement officer or the Arkansas Towing and Enforcement Board, or both.

Furthermore, A.C.A. § 27-50-1207(2)(c)(ii) noting in this subsection precludes a person who has been denied the "right" of owner preference from seeking any other legal or equitable remedy.

66. Plaintiff alleges Defendants decision to tow and impound his vehicle was clearly in violation of A.C.A. § 27-50-1207 removal of vehicle laws set forth in the State of Arkansas. Again, Defendants ignored Plaintiff's preference resulting in all the injuries and damages stated in counts II and III.

67. Defendants duty to enforce the laws also requires that they follow it, and ignorance thereof can no more excuse the conduct of officers and judges than it would excuse the conduct of Plaintiff. If anything, a higher duty of compliance rests on Defendants whose responsibility it is to enforce the law than on the general populous.

68. Plaintiff alleges Defendant Johnson #I thru the use of information immediately available to him thru Arkansas Temporary Tag Database, A.C.A. § 27-50-1207(b)(2), had information at his immediate disposal before initiating the traffic stop could then discover if Plaintiff's temporary tag was lawful. Therefore, would have removed any suspicion if Plaintiff's tags were legal.Defendant did not use this database, but took it upon himself to make his traffic stop.

69. Plaintiff alleges, based on the facts alleged herein above, parg 68, Defendant Johnson #I traffic stop, search, seizure, towing and impoundment was simply a guise for general rummaging

in hope for incriminating evidence. Said actions and/or inactions violated Plaintiff Constitutional Rights, and Article 2, section 15 of the Arkansas Constitution, his First Amendment Rights regarding his preference on what he needs done to his vehicle. Thus, probable cause for the traffic stop is lacking.

Furthermore, the traffic stop was pretext to search his vehicle.

WHEREFORE, for Plaintiff's claims for relief and relief requested Plaintiff resubmits such relief as had already been pled in pargs 54 thru 63 in his claim for relief and each and every request made in his relief requested counts I thru II.

Respectfully submitted,

Willie Wells, ADC# 100985
300 Corrections Dr.
Newport, AR 72112

I declare under penalty of (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 18th day of September, 2015.

Willie Wells
Willie Wells