IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE WELLS
ADC #100985                                                                PLAINTIFF

v.                         No. 3:15-cv-300-DPM

DONALD OAKES, Chief of Police, West
Memphis, Arkansas; CHRISTOPHER
JOHNSON, #281, Reporting Officer;
JOHNSON "John Doe," Assisting Officer;
JAMES PRESLEY, Approving Officer                          DEFENDANTS

ORDER

1. The Court construes Wells's motion, № 4, as an objection to the Court's Order directing him to amend. № 3. The objection is sustained; and his embedded requests for a stay and an extension are denied as moot.

2. Wells's defamation allegation fails to state a § 1983 claim. *Paul v. Davis*, 424 U.S. 693 (1976); *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986). His claim for the value of lost personal property also fails to state a claim because Arkansas law provides an adequate post-deprivation remedy — a tort claim for conversion. *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984); *McQuillian v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247, 961 S.W.2d 729 (Ark. 1998). And Wells's vague allegation that the unlawful seizure of his

vehicle violated his First Amendment rights fails to state a claim as well. These claims are therefore dismissed without prejudice.

3. Service is appropriate on Wells's Fourth Amendment claims against Oakes, Presley, and Christopher Johnson for unlawful arrest, search, and seizure. The Court directs the Clerk to prepare summonses for these Defendants. The United States Marshal shall serve the complaint, summons, and this Order on Oakes, Presley, and Christopher Johnson without prepayment of fees and costs or security.

4. Wells has identified one defendant as "Johnson, John Doe, Assisting Officer." Once Wells can identify this defendant by name and address, he should notify the Court so service can be ordered.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

18 October 2015